**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-00296-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Consuelo Stephanee Pena, | |
| Defendant. | |

The Defendant, *pro se*, has filed a second Motion for Compassionate Release (Doc. 53), and the Government has filed a Response thereto (Doc. 55). No Reply has been filed, and the time to do so has expired. The Government has also filed a Notice of Supplemental Authority (Doc. 56). For the reasons stated herein, the Court denies the Defendant's Motion.

In its December 4, 2020 Order, the Court outlined the background and history of Defendant's conviction for possession with intent to distribute heroin and international money laundering and resulting sentence, which need not be repeated. *See* (Doc. 50 at 1–2). Moreover, the Court has already determined that she exhausted her administrative remedies before bringing her Motion as required by 18 U.S.C. § 3582(c)(1)(A). (*Id*. at 4–5). In its prior Order, the Court also set forth the standards by which a compassionate release motion is reviewed. (*Id*. at 3–4). The Government retracted its argument that the statements in U.S.S.G. § 1B1.13 is binding on the Court. (Doc. 56 at 1). The Court, as it previously did, will use its discretion in applying that sentencing guideline statement. *See*

*United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021).  The Court will apply those standards, as discussed in its previous Order, to the Defendant's claims that it deems new or changed circumstances.

First, the Defendant does not present new medical health information beyond what this Court has already considered. (Doc. 50 at 5) ("The Defendant is thirty-years-old, has severe asthma, is anemic, and has vaginal cysts and fibroids."); *see also* (Doc. 45 at 20–21).  She further states that she has continued to participate in rehabilitation programs and that she has been continuously employed while incarcerated.  These are the same arguments and facts that the Court previously considered.  *See* (Doc. 45 at 7–8).

Her new claims include that the prison where she is held "has suffered two dangerous COVID-19 outbreaks.  More than 700 inmates of nearly 1100 have been infected." (Doc. 53 at 4).  She also asserts that the facility had "no heat for days in zero degree conditions, not toilets, no water and with toilet water flooding their units." (*Id.*)  However, these factual statements are not specific as to dates or months, and her prior Motion included similar information.  Nonetheless, the Court will construe them as having been made in support of her vulnerable health circumstance claims.

In its Response, the Government notes that since the Court's ruling on her Amended Motion, she received both doses of the COVID-19 vaccine.  (Doc. 55-1 at 2).  The Government contends this is an additional basis to deny her current Motion.  The Court agrees.  *See United States v. Smith*, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) (holding that a defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is "extraordinary and compelling" for purposes of § 3582(c)(1)(A)).

Lastly, the Defendant states that "[t]he United States Attorney wanted defendant to have completed 50% of her sentence." She states, in essence, that since she has served 52.7% of her time, she has met their requirement. (Doc. 53 at 1).  Yet, the Court fails to find such statement in the Governments Responses, or any of its responsive pleadings to her prior motion.

On this record, the Court does not find new circumstances to support the Defendant's new claim of extraordinary circumstances warranting her release. Rather, the new circumstance as presented by the Government, her full vaccination for COVID-19, weighs against such finding because the vaccination she received decreases the likelihood of COVID-19 infection. Therefore, nothing in the Defendant's new Motion supports her new claims of extraordinary circumstances warranting her release.

Moreover, the Defendant has not presented new circumstances regarding her rehabilitation or treatment. Although she has served an additional five-months in custody since the Court's last Order, the consideration of her 3553(a) sentencing factors remains the same. The Defendant's final adjusted sentencing guideline range reflected the Court's concern about the history of her involvement with drug trafficking and money laundering and her close ties to individuals involved in trafficking illegal drugs from Mexico into the United States. The Defendant has only served twenty-five months of a fifty-month sentence, thus, the 3553(a) factors remain substantially the same as the last time the Court considered her release request. The Court finds that the Defendant does not meet the criteria for extraordinary and compelling reasons for release.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's second Motion for Compassionate Release (Doc. 53) is **denied**.

Dated this 28th day of April, 2021.

Honorable Diane J. Humetewa
United States District Judge